Submitted October 7, reversed and remanded November 30, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARACELY HERNANDEZ,
aka Aracely Hernandez-Guifarro,
*Defendant-Appellant.*

Washington County Circuit Court
D150229M; A159767

385 P3d 1278

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

In this criminal case, a jury found defendant guilty of third-degree theft. ORS 164.043. She appeals the resulting judgment of conviction.

The circumstances underlying this case are as follows. The complainant was playing video poker in a pizza restaurant. He put $100 into a video-poker machine and, shortly thereafter, briefly left the room to help his wife with their baby. When the complainant returned to the room, he found that someone had taken his video-poker ticket with the remaining cash credit on it. He reported the theft and, when police arrived, the complainant told a responding officer, Mace, that defendant had been the only other person in the video-poker room and that he did not know her beyond seeing her around the neighborhood. The complainant testified at trial that he did not know defendant aside from having seen her around. During an interview with police, defendant told the interviewing officer that she and the complainant had had an affair, and that he had given her the video-poker ticket as a gift.

At trial, the state offered testimony from Mace regarding what the complainant had reported regarding the theft. Defendant objected on hearsay grounds. The court overruled the objection, allowing, as a prior consistent statement under OEC 801(4)(a)(B), Mace's testimony that the complainant had reported that he did not know defendant.[1]

On appeal, defendant asserts that the trial court erred in admitting the challenged statements under OEC 801 (4)(a)(B). Specifically, she contends that the complainant's statements to Mace were not admissible as prior consistent statements because they did not predate his motive to

---

[1] Pursuant to OEC 801(4)(a)(B),

"[a] statement is not hearsay if:

"(a) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"* * * * *

"(B) Consistent with the testimony of the witness and is offered to rebut an inconsistent statement or an express or implied charge against the witness of recent fabrication or improper influence or motive * * *."

fabricate. *See State v. Bautista*, 271 Or App 247, 256, 351 P3d 79 (2015) (under OEC 801(4)(a)(B), rebutting prior statement must have been given before the alleged motive to fabricate arose). The state agrees that the complainant's "purported motive to fabricate (his desire to cover up a past affair with defendant) would have existed before the [complainant] made his past consistent statement to *** Mace that he did not know defendant personally." Accordingly, the state concedes that the trial court erred in admitting the complainant's statements to Mace as prior consistent statements under OEC 801(4)(a)(B). We agree, and accept the concession. Furthermore, because the credibility of the complainant was a central issue in the case, the error was not harmless.

Reversed and remanded.